**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  | § |  |
|---|---|---|
| **In re:** | § | **Case No. 24-40647** |
|  | § | **Chapter 7** |
| **RYAN COLE and SARAH COLE,** | § |  |
|  | § |  |
| **Debtors.** | § |  |

---

**MOTION AND BRIEF FOR ORDER TERMINATING THE AUTOMATIC STAY**

---

**14-Day NEGATIVE NOTICE – LBR 4001(a)**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Wazu Capital Partners, Inc. ("Wazu") and MT Medical Properties, LLC ("MT Medical" and, together with Wazu, the "Movants"), creditors and parties in interest in the above-captioned bankruptcy case (the "Bankruptcy Case") under chapter 7 of title 11 of the United States Code, 11

---

U.S.C. §§ 101-1534, as amended (the "<u>Bankruptcy Case</u>")[1] of Ryan Cole ("<u>Ryan</u>") and Sarah Cole and Sarah Cole ("<u>Sarah</u>" and, together with Ryan, the "<u>Debtors</u>"), file this *Motion and Brief* (collectively, the "<u>Motion</u>") for an order terminating the automatic stay under § 362(d)(1).  In support of this Motion, the Movants show this Court as follows:

## I.  JURISDICTION AND VENUE

1.      On March 25, 2024 (the "<u>Petition Date</u>"), the Debtors filed their *Voluntary Petition For Relief* under chapter 7 of the Bankruptcy Code, initiating the Bankruptcy Case.  Michelle Chow (the "<u>Trustee</u>") is the duly appointed and acting Trustee in this Bankruptcy Case.  This Court has jurisdiction to hear this Bankruptcy Case under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409.  The legal predicate for the relief requested in this Motion is § 362(d)(1).

## II.  FACTUAL BACKGROUND

### A.  THE STATE COURT ACTION

2.      On December 1, 2023, the Movants initiated Cause No. DC-23-20003 (the "<u>State Court Action</u>") in the 193rd Judicial District Court of Dallas County, Texas (the "<u>193rd</u>") against Ryan, a plethora of corporate entities that he owned and controlled, and other members of those corporate entities (collectively, the "<u>Defendants</u>")[2] when the Movants filed their *Plaintiffs'*

---

[1]     All of the section references contained in this Motion shall be to the Bankruptcy Code, unless otherwise indicated.

[2]     Those corporate entities and individuals are the following:  John Monteiro, Cory Countryman, Kerry Noble, Mike Atkins, Marsue Hefner, Melissa Upshaw. Brandon Deiters, Molly Miner, Platinum Medical Management, Inc., Golden Harbor Ventures, LP, 4X Ventures, LLC, Platinum Team Management, Inc., Platinum Healthcare Corp., Mainstreet Healthventures, LLC, Paramount Real Estate Holding VII, LLC, Paramount Real Estate Holdings VII, LLC, Kennett Healthcare Affiliates, LLC, Sarenity Herbal Apothecary LLC, Big World Food Services, LLC, Daydra Management, LLC, Billionaires Funding Group, LLC, Platinum Concepts LLC, Platinum Motorsports LLC, Big World Development, Inc., Platinum Team Management, Inc., Paramount Real Estate Holdings, LLC, Paramount Real Estate Holdings II, LLC, Paramount Real Estate Holdings III, LLC, Paramount Real Estate Holdings IV, LLC, Paramount Real Estate Holdings V, LLC, Paramount Real Estate Holdings VI, LLC, Paramount Real Estate Holdings VII, LLC, Serene District Townhomes, District Lifestyle Wylie LLC, The Residences at Ovation, LLC, Platinum Senior Living Wylie, LLC, Platinum Senior Living Princeton, LLC, Platinum Senior Life LLC, Platinum Health

*Original Petition and Emergency Application For Temporary and Permanent Injunctive Relief*
(the "State Court Petition").  A copy of the State Court Petition is attached as **Exhibit A**.

3.      The causes of action the Movants alleged, and additional remedies that Movants
asked for, in the State Court Petition are the following:

| CAUSE OF ACTION NO. | CAUSE OF ACTION AND REMEDIES | PARAGRAPH NO(S). | PAGE NO(S). |
|---|---|---|---|
| 1 | Breach of Fiduciary Duty | 67-75 | 12-14 |
| 2 | Fraud | 76-80 | 14-15 |
| 3 | Negligent Misrepresentation | 81-82 | 15 |
| 4 | Breach of Contract | 83-87 | 15-16 |
| 5 | Tortious Interference With Existing Contract | 88-92 | 16-17 |
| 6 | Conspiracy | 93-96 | 17-18 |
| N/A | Constructive Trust | 97-100 | 18-19 |
| N/A | Accounting | 101-103 | 19 |
| N/A | Exemplary Damages | 104 | 19-20 |
| N/A | Legal Fees, Expenses and Costs of Court | 137 | 20 |
| N/A | Emergency Application For Temporary and Permanent Injunctive Relief Against Defendants Cole and Monteiro Under Texas Civil Practice and Remedies Code § 65.001 | 141-164 | 20-26 |

**B.  THE ADMINISTRATIVE CLOSURE OF THE BANKRUPTCY CASE**

4.      The day after the Petition Date, March 26, 2024, the Debtors filed a notice of the
bankruptcy case and the imposition of the automatic stay in the State Court Action, a copy of which
is attached as **Exhibit B**.  In response to this, on March 27, 2023, the Movants nonsuited the
Debtors and expected that the State Court Action would proceed against the other Defendants.  A
copy of this notice of nonsuit is attached as **Exhibit C**.

5.      The 192nd then administratively closed the State Court Action.   The Movants then
filed their *Motion to Reopen Case* (the "Motion to Reopen") in the State Court Action seeking to

---

Systems LLC, Platinum Senior Life LLC, Milagro Mio, PLLC, Milagro MIO 2, PLLC, Samuel D. Evang, LLC, Neighbors Visiting Doctors, LLC, Rosemary & Root LLC, Saddle Starland Development, LLC, Mayberry Gardens, Inc., and Correctlife Missouri Holdings, LLC.

have the State Court Action reopened to proceed against the non-debtor third-party Defendants. A copy of the Motion to Reopen is attached as **Exhibit D**. Two of the Defendants, John Monteiro and 4X Ventures, LLC (the "Monteiro Defendants") then filed their *Response to Motion to Reopen Case* (the "Reopen Case Response"), a copy of which is attached as **Exhibit E**.

6.    In their Reopen Case Response, the Monteiro Defendants objected to the reopening of the State Court Action based on the following alleged grounds:

- The reopening of the State Court Action would jeopardize assets of the Debtors' bankruptcy estate;[3] and

- The State Court Action is really a derivative action where the Movants are pursuing causes of action that really belong to the Debtors.[4]

### III. LEGAL ARGUMENT AND AUTHORITIES

### A. THE IMPOSITION AND PURPOSE OF THE AUTOMATIC STAY

7.    When a bankruptcy petition is filed, the automatic stay provisions of § 362(a) take effect and pre-petition creditors are prohibited from taking certain actions to collect their debts. The automatic stay is self-executing and effective upon the filing of the bankruptcy petition. The automatic stay is a powerful tool of the bankruptcy courts designed to protect the debtor from an uncontrollable scramble for its assets in different courts. The purpose of the automatic stay is to prevent certain creditors from gaining a preference for their pre-petition claims against the debtor, to forestall the depletion of the debtor's assets due to the legal costs in defending proceedings against it and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor. The automatic stay preserves what remains of the debtor's estate and provides a systematic equitable liquidation procedure for all creditors, secured and unsecured. Essentially, the automatic stay provides debtors with some breathing room in which to reorganize their affairs, but it also

---

[3]    Reopen Case Response, **Exhibit E** herein, ¶¶ 6-7, pp. 2-3.
[4]    Reopen Case Response, **Exhibit E** herein, ¶¶ 9-10, pp. 3-4.

benefits creditors by eliminating the race to the courthouse and providing a forum in which all parties in interest may participate.[5]

8.      There are two provisions under § 362(a) that are implicated with the interaction between the State Court Action and this Bankruptcy Case.  The *first* provision is § 362(a)(1) which stays the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the filing of the bankruptcy case, to recover a claim against the debtor that arose pre-petition.[6]

9.      The *second* provision is § 362(a)(3), which stays any act to obtain possession of property of the bankruptcy estate or of property of the bankruptcy estate or to exercise control over property of the bankruptcy estate.  This provision protects property of the debtor's bankruptcy estate.[7]

**B.  THE RARE, LIMITED AND UNUSUAL INSTANCES WHEN THE AUTOMATIC STAY APPLIES TO NON-DEBTOR THIRD-PARTIES ARE ABSENT HERE**

10.      By its wording, § 362 protects only the debtor.  It does not extend to non-bankrupt co-debtors.  Therefore, this statute does not prevent actions against non-debtor obligors, sureties, guarantors, joint-tortfeasors, etc.  It does not protect separate legal entities such as corporations,

---

[5]      In re Aearo Technologies, LLC, 642 B.R. 891, 903 (Bankr. S.D.Ind. 2022) ("Aearo").  Stih v. Rockaway Farmers Market, Inc., 656 B.R. 308, 312 (E.D.N.Y. 2024 ("Stih").  In re 1600 Hicks Road LLC, 649 B.R. 172, 178 (Bankr. N.D.Ill. 2023) ("1600 Hicks Road").

[6]      See § 362(a)(1).  Beran v. World Telemetry, Inc., 747 F.Supp.2d 719, 722 (S.D.Tex. 2010) ("Beran"). Luppino v. York, 562 B.R. 894, 897-897 (W.D.Tex. 2016) ("Luppino").

[7]      See § 362(a)(3).  In re Auto Money North, LLC, 649 B.R. 675, 687 (Bankr. D.S.C. 2023), reconsideration denied, 649 B.R. 704 (Bankr. D.S.C. 2023) ("Auto Money").  In re GYPC, Inc., 634 B.R. 983, 1003 (Bankr. S.D.Ohio 2021) ("GYPC").  Alexander v. Travelers Indemnity Company, 625 F.Supp.3d 512, 520 (E.D.La. 2022) ("Alexander").  In re LTL Management, 638 B.R. 291, 299 (Bankr. D.N.J. 2022) ("LTL").  Beran, 747 F.Supp.2d at 722.

partnerships or non-debtor co-defendants in pending litigation. Unlike chapter 13, chapter 7

contains no wording to protect non-debtors who are jointly liable on a debt with the debtor.[8]

11.     In rare, limited and/or unusual circumstances, the automatic stay can be extended

to non-debtor third-parties under both §§ 362(a)(1) and (3).[9]

>    ### 1. THE RARE, LIMITED AND UNUSUAL EXCEPTIONS TO § 362(A)(1) ARE ABSENT HERE

12.     The automatic stay imposed by § 362(a)(1) may be applied to protect non-debtor

third-parties who share such an identity of interests with a debtor such that an action against that

non-debtor third-party is, in effect, an action against the debtor, thereby making the debtor the real-

party defendant. In other words, a judgment against the non-debtor third-party would, in effect,

---

[8]     Aearo, 642 B.R. at 904. Pitts v. Unarco Indus., Inc., 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision **only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants**.") (emphasis added). Lee v. RCN Corp., 2004 WL 2108577, at * 1 (N.D.Ill. 2004) (§ 362 is intended to protect the assets of the debtor for the benefit of creditors and is '**not designed to afford collateral benefits to non-debtor parties involved in litigation with the debtor as party defendants or as co-defendants**.'") (emphasis added). In re White, 415 B.R. 696, 698 (Bankr. N.D.Ill. 2009) ("Generally, the automatic stay protects the bankruptcy debtor and **does not bar suits against third parties, such as non-debtor entities, even when wholly owned by the debtor, or the debtor's insurer, guarantors, and sureties**.") (emphasis added). Stih, 656 B.R. 312. Teachers Insurance & Annuity Association of America v. Butler, 803 F.2d 61, 65 (2nd Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and **do not encompass non-debtor co-defendants**.") (emphasis added). Queenie, Ltd. V. Nygard International, 321 F.3d 282, 287 (2nd Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing."). 1600 Hicks Road, 649 B.R. at 179. Luppino, 562 B.R. at 898. Alexander, 625 F.Supp.3d at 520. LTL, 638 B.R. at 299. Beran, 747 F.Supp.2d at 722. Lopez v. Trujillo, 475 B.R. 550, 559 (N.D.Tex. 2012) ("Lopez"). In re Xenon Anesthesia of Texas, PLLC, 510 B.R. 106, 111 (Bankr. S.D.Tex. 2014) ("Xenon").

[9]     Arnold v. Garlock, 278 F.3d 426, 436 (5th Cir. 2001), rehearing en banc denied, 288 F.3d 234 (5th Cir. 2002) ("Arnold") ("Section 362 is **rarely**, however, a valid basis on which to stay actions against non-debtors . . .") (emphasis added). GYPC, 634 B.R. at 1002 and 1003 ("Courts have extended the § 362(a)(1) stay to non-debtors in cases involving '**unusual circumstances**' . . . The automatic stay may be implicated in third-party actions under **limited circumstances** . . .") (emphasis added). In re LTL Management, LLC, 645 B.R. 59, 77 (Bankr. D.N.J. 2022) ("LTL") (" . . . § 362(a)'s protection is applicable to nondebtors where '**unusual circumstances**' exist . . .") (emphasis added). In re Divine Ripe, L.L.C., 538 B.R. 400, 308 (Bankr. S.D.Tex. 2015) ("Divine Ripe") (" . . . However, the protections of § 362's automatic stay are generally not extended beyond the debtor, because § 362 'is **rarely** . . . a valid basis on which to stay actions against non-debtors' . . . .") (emphasis added). Stih, 656 B.R. at 312 (" . . . Courts have, however, developed a limited exception to [§ 362(a)(1)'s] rule that applies only in '**unusual circumstances** . . .'") (emphasis added). Luppino, 562 B.R. at 898 (" . . . The Fifth Circuit has further noted that '[s]ection 362 is **rarely** . . . a valid basis on which to stay actions against non-debtors . . .'") (emphasis added). Lopez, 475 B.R. at 559 (" . . . Section 362, however, 'is **rarely** . . . a valid basis on which to stay actions against non-debtors . . .'") (emphasis added).

---

be a judgment or finding against the debtor.  In order to find the requisite identity of interest, there must be both unusual circumstances and something more than just the fact that one of the parties to the lawsuit filed for bankruptcy protection.  Examples of this include:  (a) a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result in the case; (b) when the litigation would produce results that would bind the debtor (perhaps even causing irreparable harm to the bankruptcy estate and/or the debtor's ability to reorganize) and, therefore, raise issues of *res judicata* and/or collateral estoppel.[10]

13.     However, where the debtor and non-debtor co-defendants are joint tortfeasors or where the non-debtor's liability rests upon its own breach of duty, the stay cannot be extended to the non-debtor.[11]  To obtain an extension of the automatic stay on these grounds, the party seeking the extension of the automatic stay must put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended.  It is not enough for that party to show some limited risk, or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit against principals of the debtor could have some effect on the reorganization.[12]  This evidentiary point is important because the automatic stay does not bar actions taken against non-debtor third-parties that are only factually likely, as opposed to legally certain, to impact property of the bankruptcy estate.[13]

---

[10]     Auto Money, 649 B.R. at 686-687.  Divine Ripe, 538 B.R. at 308.  In re LTL Management, LLC, 640 B.R. 322, 334-335 (Bankr. D.N.J. 2022) ("LTL").  Aearo, 642 B.R. at 904.  1600 Hicks Road, 649 B.R. at 179. LTL, 638 B.R. at 304.  Beran, 747 F.Supp.2d at 722-723.  Xenon, 510 B.R. at 111-112.  Arnold, 278 F.3d at 436.  GYPC, 634 B.R. at 1001.  LTL, 645 B.R. at 76.  Luppino, 562 B.R. at 898.  Lopez, 475 B.R. at 559. In re Fogarty, 39 F.4th 62, 75 (2nd Cir. 2022) ("Fogarty").

[11]     Stih, 656 B.R. at 312.  Hong v. Mommy's Jamaican Mkt. Corp., 2023 WL 3568807, a * 2 (S.D.N.Y. 2023). Hernandez v. Immortal Rise, Inc., 2014 WL 991715, at * 4 (E.D.N.Y. 2014) ("[c]ourts have declined to extend a bankruptcy stay to co-defendants in joint employment cases under the FLSA.").

[12]     Stih, 656 B.R. 313-314.

[13]     Fogarty, 39 F.4th at 75.

14. The rare, limited and unusual exceptions to § 362(a)(1) do not apply here. The State Court Action, with Ryan being nonsuited, is a lawsuit against non-debtor third-parties and only non-debtor third parties. Legal proceedings against those parties are not, in effect, legal proceedings against Ryan, the Debtor. The reason for this is because the Defendants are joint-tortfeasors and their liability to the Movants rests on their own breaches and violations. Furthermore, the Defendants do not have an absolute right of indemnity against Ryan. But, even if they did, that would not matter because this Bankruptcy Case is a chapter 7 liquidation, not a reorganization. Any right of the Defendants to an indemnification from Ryan would be a pre-petition claim that would discharged in this Bankruptcy Case and not a cost to be paid for from a reorganized debtor in possession.

15. Terminating the automatic stay would not result in a judgment that would bind Ryan, irreparably harm Ryan and/or his ability to reorganize. The State Court Action, to the extent it would contain cross-claims of the Defendants against Ryan, would only have pre-petition claims that would be discharged in this Bankruptcy Case. Therefore, there is no reorganization that could be irreparably damaged by the State Court Action and the chapter 7 effect of discharging Ryan's pre-petition debts would effectively nullify any of the Defendants' cross-claims against him. Thus, there is no real evidence showing how Ryan would be damaged if the State Court Action were to proceed with him being nonsuited in that lawsuit.

16. For all of these reasons, the rare, limited and unusual exceptions to § 362(a)(1) do not apply here.

### 2. THE RARE, LIMITED AND UNUSUAL EXCEPTIONS TO § 362(A)(3) ARE ABSENT HERE

17. The automatic stay imposed by § 362(a)(3) may be applied to protect non-debtor third-parties when a party seeks to exercise control over property of a debtor's estate. For example,

this exception to § 362(a)(3) may apply when a party is attempting to sue under a cause of action that is owned by the debtor. The imposition of this exception involves a two-step process: (a) *first*, the court must determine whether property of the bankruptcy estate is at issue; and (b) *second*, the court must determine whether the action in question constitutes an action to obtain possession of, or exercise control over, property of the bankruptcy estate.[14]

18. The rare, limited and unusual exceptions to § 362(a)(3) do not apply here. In the State Court Action, the Movants are not seeking to exercise control over property of Ryan's bankruptcy estate. The Movants are just suing the Defendants for damages and other remedies based upon the breaches and violations that the Defendants committed independent of Ryan. None of the causes of action alleged by the Movants are causes of action owned by Ryan's bankruptcy estate. The State Court Action is a direct action where the Movants are prosecuting their own causes of action and are not bringing causes of action derivatively on behalf of Ryan. Property of the bankruptcy estate is not in issue. And the State Court Action does not involve the Movants attempting to obtain possession, custody or control over property of the bankruptcy estate.

19. For all of these reasons, the rare, limited and unusual exceptions to § 362(a)(3) do not apply here.

## C. THE AUTOMATIC STAY SHOULD BE TERMINATED UNDER § 362(D)(1) TO ALLOW THE STATE COURT ACTION TO PROCEED WITH RYAN BEING NONSUITED

20. Despite the fact that no exception to § 362(a) applies (because the relief requested herein is not against a debtor or property of that debtor's bankruptcy estate) to the parties to the State Court Action, the 192nd Court still administratively closed the State Court Action and informed the Movants' counsel that the only way the State Court Action would move forward was if the Movants obtained an Order from the "Bankruptcy Court," this Court. That is the reason why

---

[14] Aearo, 642 B.R. at 906. GYPC, 634 B.R. at 1003. Auto Money, 649 B.R. at 686-687.

the Movants filed this Motion. They need an Order from this Court terminating the automatic stay so that they can pursue their claims against the Defendants.

21. Termination of the automatic stay for cause is governed by § 362(d)(1). The requisite cause is present here. Without an order terminating the automatic stay as requested herein, the 192nd Court will not reopen the State Court Action, which would be a travesty of justice. Since the State Court Action with Ryan being nonsuited does not involve any act being taken against Ryan or his bankruptcy estate, the automatic stay does not even apply. But without this Court's entry of the requested order, the 192nd Court will not reopen the State Court Action. This stand-off, log jam or impasse constitutes the necessary cause under § 362(d)(1) for this Court to grant the relief requested herein.

22. The burden of proof with respect to the relief requested herein is on any party contesting this Motion. Under § 362(g), the burden of proof is on the party requesting stay relief for the issue of the debtor's equity in property,[15] but it is on the party opposing that relief on all other issues.[16] And there is an abundance of case law that holds that the burden of proof is on the party attempting to extend the automatic stay to show that the automatic stay is applicable.[17] This is a burden that cannot be met.

**D. THE TRUSTEE, THE ONE PARTY THAT HAS STANDING TO OPPOSE THE MOTION, CONSENTS TO THE MOTION**

23. Under § 541, the initiation of a bankruptcy case charges the trustee with collecting the property of the debtor to form the bankruptcy estate.[18] In fact, it is the trustee that has the

---

[15]  See § 362(d)(1).
[16]  See § 362(d)(2).
[17]  Beran, 747 F.Supp.2d at 722-723. Xenon, 510 B.R. at 111-112.
[18]  In re Port Morris Tile & Marble LP, 645 B.R. 500, 512 (Bankr. S.D.N.Y 2002) ("Port Morris"). Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2nd Cir. 1993) (observing that the trustee or debtor in possession has control over claims belonging to the bankruptcy estate).

exclusive standing to assert causes of action belonging to the bankruptcy estate.[19] And the Trustee consents to, and does not oppose, this Motion. That consent speaks volumes.

## IV. CONCLUSION

24.     Imposing the automatic stay on the State Court Action when Ryan has been nonsuited, and the Movants are only seeking damages and remedies against the Defendants as joint-tortfeasors for their own breaches and violations, would allow the Defendants (non-debtor third-parties) to escape liability for what they, themselves, did. By filing their Reopen Case Response and attempting to prevent the State Court Action from proceeding forward, the Monteiro Defendants are trying to, proverbially speaking, hide behind Ryan's skirts and escape liability when there is really no connections between them, Ryan and this bankruptcy estate. Their ploy is as transparent as crystal clear water and this Court should grant this Motion so that the Monteiro Defendants do not use Ryan and his bankruptcy estate for the Monteiro Defendants' improper purpose.

## V. PRAYER

The Movants pray that this Court grant this Motion by entering an Order that terminates the automatic stay under § 362(d) and allows the State Court Action to proceed with Ryan nonsuited, and awards the Movants such other and further relief, special or general, at law or in equity, as this Court may deem just and proper.

---

[19]     Port Morris, 645 B.R. at 512. In re 1031 Tax Group, LLC, 397 B.R. 670, 679 (Bankr. S.D.N.Y. 2008).

Dated:  June 5, 2024

Respectfully submitted,


*/s/ Seymour Roberts, Jr.*
**Ryan K. Lurich**
State Bar No. 24013070
rlurich@fflawoffice.com
**Seymour Roberts, Jr.**
State Bar No. 17019150
sroberts@fflawoffice.com

**FRIEDMAN & FEIGER, L.L.P.**
Dominion Plaza West
17304 Preston Road, Suite 300
Dallas, Texas 75252
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**ATTORNEYS FOR WAZU CAPITAL
PARTNERS, INC. and MT MEDICAL
PROPERTIES, LLC**


### CERTIFICATE OF CONFERENCE

On May 31, 2024, the undersigned had a telephone conversation with Larry Levick, the

counsel of record for the Trustee, regarding the above and foregoing Motion, and he did not have

any objection to, and consented to, the relief requested therein.


*/s/ Seymour Roberts, Jr.*
Seymour Roberts, Jr.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 5th day of June 2024, in accordance with LBR 4001(b)(3), 9013(f)(1)(A), and Federal Rule of Bankruptcy Procedure 7004(b), a true and correct copy of the foregoing was served the Debtors, the Trustee, the United States Trustee, all members of any official committee, and their respective attorneys, and all parties who have filed a notice of appearance or request for notice in this case via this Court's ECF notification system and/or by first class mail postage prepaid.

*/s/ Seymour Roberts, Jr.*
Seymour Roberts, Jr.

#1093014