Russell Devenport
Texas Bar No. 24007109
McDonald Sanders, P.C.
777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 fax

ATTORNEYS FOR CREDITOR
NUETERRA CAPITAL, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | BANKRUPTCY NO. |
| | § | 24-40647 |
| RYAN COLE and SARAH COLE, | § | |
| Debtors. | § | CHAPTER 7 |

## MOTION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE OR CHALLENGE DISCHARGEABILITY

---

**14-DAY NEGATIVE NOTICE:**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

---

Nueterra Capital, LLC ("Nueterra"), an interested party and scheduled creditor in the above-referenced bankruptcy case, files this Motion for Extension of Deadline to Object to Discharge or Challenge Dischargeability (the "Motion") and would respectfully show the Court as follows:

# I. SUMMARY

1. Nueterra holds a judgment of over $8 million against Platinum Medical Management, Inc. ("Platinum Medical"), a Texas corporation wholly owned by Debtor Ryan Cole through his ownership of its parent company, Platinum Team Management, Inc.[1] As the judgment was obtained in federal district court in Kansas, Nueterra domesticated the judgment in Texas state court. Nueterra has since engaged in significant post-judgment discovery in enforcement of the judgment, seeking the depositions of various individuals related to Platinum Medical, including Mr. Cole, who was or is Platinum Medical's chief executive officer.

2. Nueterra believes Mr. Cole may possess assets related to his work for or ownership of Platinum Medical or transferred from Platinum Medical or another company owned or controlled by Mr. Cole. Nueterra further believes it may have theories of recovery against Mr. Cole and cause to object to the dischargeability of debts to Nueterra. Nueterra seeks more time to investigate and to question Mr. Cole, with such desired topics of questioning related to Mr. Cole's acts or conduct, as well as potential estate property and other matters possibly affecting the administration of the estate. Because Nueterra may discover information relevant to Debtors' discharge in this case, Nueterra accordingly, requests an extension of the deadline to object to discharge or challenge the dischargeability of certain debts, currently June 18, 2024, to allow time for 2004 examination to proceed.

# II. FACTUAL BACKGROUND

3. On May 3, 2023, Nueterra obtained a Judgment against Platinum Medical in a case styled *Central Bank of the Midwest v. Nueterra Capital LLC v. Platinum Medical Management, Inc.*, case number 22-2218-JWB, filed in the United States District Court for the District of Kansas (the "Judgment"). *See* Ex. A, Notice of Filing of Foreign Judgment. In a

---

[1] *See* Debtors' Official Form 106A/B at line 19 (stating 100% ownership of Platinum Team Management, Inc.).

**MOTION FOR EXTENSION OF DEADLINE TO OBJECT**     Page 2
**TO DISCHARGE OR CHALLENGE DISCHARGEABILITY**
I:\10704\0001\17E4106.DOCX

nutshell, Nueterra asserted claims in the underlying suit related to Platinum's failure to indemnify Nueterra and otherwise comply with the terms of a Stock Purchase Agreement. The Judgment is in the principal amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full. *Id.* at 1–2.

4. As Platinum Medical (formerly known as Platinum Neighbors, Inc.) is or was a Texas corporation, after obtaining the Judgment, Nueterra filed a Notice of Filing of Foreign Judgment to domesticate it under Texas law for enforcement. *See generally id.*; Tex. Civ. Prac. & Rem. Code §§ 35.001–08. Nueterra then filed in that proceeding an Application for Post-Judgment Writ of Garnishment regarding various garnishees and a Motion for Charging Order regarding various "Affiliated Entities" of Platinum Medical (as defined in the Motion). *See* Ex. B, Plaintiff's Application for Post-Judgment Writ of Garnishment; Ex. C, Plaintiff's Motion for Charging Order. Nueterra obtained and served the Writs of Garnishment on the various garnishees, and the court granted Nueterra's Motion. *See* Ex. D, Notice of Post-Judgment Writ of Garnishment; Ex. E, Order Granting Plaintiff's Motion for Charging Order.

5. Nueterra has also engaged in significant post-judgment discovery in aid of the enforcement of its Judgment. Specifically, Nueterra issued Requests for Production to Platinum Medical and also served Notice(s) of Intent to Take Oral Deposition with Subpoena Duces Tecum on certain individuals related to Platinum Medical. Based on interviews with Mr. Cole associates, Nueterra believes more investigation is needed and there may be theories of recovery against Mr. Cole and cause to object to dischargeability herein.

**IV. MOTION FOR EXTENSION OF DEADLINE TO OBJECT TO DISCHARGE**

11. Cause exists to extend the time in which Nueterra may file an objection to Debtors' discharge or a complaint challenging the dischargeability of certain debts. *See* Fed. R.

Bankr. P. 4004(b)(1). Nueterra hopes to learn facts through a Rule 2004 examination (as Nueterra would have pursued through typical post-judgment discovery but for Debtors' bankruptcy filing) that will allow Nueterra to evaluate and prepare applicable objections to discharge or challenges to dischargeability. The requested extension of deadlines would logically allow such investigation to take place and for such pleadings as may ensue to be timely filed. *See Hill v. Snyder*, 919 F.3d 1081, 1084–85 (8th Cir. 2019) (quoting with approval the bankruptcy court's statement that "the 'whole point' of authorizing Rule 2004 discovery was to allow [an appointed receiver and potential creditor in the bankruptcy] the opportunity to prepare more fulsome pleadings"); *Small v. Neighborhood Hous. Servs. of New Haven, Inc.*, 589 B.R. 31, 35–36 (D. Conn. 2018).

12. Nueterra accordingly requests that the Court grant Nueterra a sixty (60) day extension of time to file an objection to discharge or a complaint challenging dischargeability.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Creditor Nueterra Capital, LLC requests that this Court enter an order: granting Nueterra a sixty (60) day extension of time to file an objection to discharge or a complaint challenging dischargeability and such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

   */s/ Russell A. Devenport*
Russell A. Devenport
State Bar No. 24007109
rad@mcdonaldlaw.com
H. Dustin Fillmore IV
State Bar No. 24105858
hdf@mcdonaldlaw.com

**McDONALD SANDERS,**
A Professional Corporation

777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651 Telephone
(817) 334-0271 Facsimile

**ATTORNEYS FOR CREDITOR
NUETERRA CAPITAL, LLC**

## CERTIFICATE OF CONFERENCE

I left a telephone message and email Debtor's counsel asking for agreement on the requested relief and I have not heard back from him so the Motion is opposed.

   */s/ Russell A. Devenport*
Russell A. Devenport

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's ECF electronic filing system on June 18, 2024.

   */s/ Russell A. Devenport*
Russell A. Devenport