Russell Devenport
Texas Bar No. 24007109
MCDONALD SANDERS, P.C.
777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 fax

ATTORNEYS FOR CREDITOR
NUETERRA CAPITAL, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| In re: | § | BANKRUPTCY NO. |
|---|---|---|
|  | § | 24-40647 |
| RYAN COLE and SARAH COLE, | § |  |
| Debtors. | § | CHAPTER 7 |

**CREDITOR NUETERRA CAPITAL LLCS' MOTION FOR**
**RULE 2004 EXAMINATION**

---

**14-DAY NEGATIVE NOTICE—LBR 2004(a):**

YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU **MUST** FILE A WRITTEN OBJECTION, EXPLAINING THE FACUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

---

Nueterra Capital LLC ("Nueterra"), an interested party and scheduled creditor in the above-referenced bankruptcy case, files this Motion for Rule 2004 Examination (the "Motion") and would respectfully show the Court as follows:

## I. SUMMARY

1. Nueterra holds a judgment of over $8 million against Platinum Medical Management, Inc. ("Platinum Medical"), a Texas corporation wholly owned by Debtor Ryan Cole through his ownership of its parent company, Platinum Team Management, Inc.[1] As the judgment was obtained in federal district court in Kansas, Nueterra domesticated the judgment in Texas state court. Nueterra has since engaged in significant post-judgment discovery in enforcement of the judgment, seeking the depositions of various individuals related to Platinum Medical, including Mr. Cole, who was or is Platinum Medical's chief executive officer.

2. Nueterra believes Mr. Cole may possess assets related to his work for or ownership of Platinum Medical or transferred from Platinum Medical or another company owned or controlled by Mr. Cole. Neuterra's desired topics of questioning are related to Mr. Cole's acts or conduct, as well as potential property of Debtor or Platinum Medical and other matters possibly affecting the administration of the estate.

## II. FACTUAL BACKGROUND

3. On May 3, 2023, Nueterra obtained a Judgment against Platinum Medical in a case styled *Central Bank of the Midwest v. Nueterra Capital LLC v. Platinum Medical Management, Inc.*, case number 22-2218-JWB, filed in the United States District Court for the District of Kansas (the "Judgment"). *See* Ex. A, Notice of Filing of Foreign Judgment. In a nutshell, Nueterra asserted claims in the underlying suit related to Platinum's failure to indemnify Nueterra and otherwise comply with the terms of a Stock Purchase Agreement. The

---

[1] *See* Debtors' Official Form 106A/B at line 19 (stating 100% ownership of Platinum Team Management, Inc.).

Judgment is in the principal amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full. *Id.* at 1–2.

4. As Platinum Medical (formerly known as Platinum Neighbors, Inc.) is or was a Texas corporation, after obtaining the Judgment, Nueterra filed a Notice of Filing of Foreign Judgment to domesticate it under Texas law for enforcement. *See generally id.*; Tex. Civ. Prac. & Rem. Code §§ 35.001–08. Nueterra then filed in that proceeding an Application for Post-Judgment Writ of Garnishment regarding various garnishees and a Motion for Charging Order regarding various "Affiliated Entities" of Platinum Medical (as defined in the Motion). *See* Ex. B, Plaintiff's Application for Post-Judgment Writ of Garnishment; Ex. C, Plaintiff's Motion for Charging Order. Nueterra obtained and served the Writs of Garnishment on the various garnishees, and the court granted Nueterra's Motion. *See* Ex. D, Notice of Post-Judgment Writ of Garnishment; Ex. E, Order Granting Plaintiff's Motion for Charging Order.

5. Nueterra has also engaged in significant post-judgment discovery in aid of the enforcement of its Judgment. Specifically, Nueterra issued Requests for Production to Platinum Medical and also served Notice(s) of Intent to Take Oral Deposition with Subpoena Duces Tecum on certain individuals related to Platinum Medical, including Mr. Cole. Recent deposition testimony and interview with former associates of Mr. Cole leads Nueterra to believe that the best place to look for assets may be with Mr. Cole and also leads Nueterra to question the extent to which Platinum Medical was an entity independent from Mr. Cole's personal interests.

### III. MOTION FOR 2004 EXAMINATION

6. Pursuant to Federal Rule of Bankruptcy Procedure 2004, on the motion of any party in interest, the Court may order the examination of any entity. Fed. R. Bankr. P. 2004(a). A Rule 2004 examination has been explained as "a broad investigation into the financial affairs of

the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Correra*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018) (citing *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D. N.J. 1998)) (internal quotations omitted). Legitimate goals of a Rule 2004 examination include "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Correra*, 589 B.R. at 109 (citing *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D. N.Y. 2002)) (internal quotations omitted).

7. Mr. Cole is a Debtor in this case and the proper subject of a Rule 2004 examination.[2] One of the duties of a debtor is to attend and submit to examination at the times ordered by the Court. *See* Fed. R. Bankr. P. 4002(a)(1). The debtor may be examined at any time and at any place designated by the Court, and the debtor's attendance may be compelled without a subpoena no matter where the debtor is. *See id.* R. 2004(d); *In re Food Supplement Co. Inc.*, 33 B.R. 188, 189 (Bankr. S.D. Fla. 1983).

8. Nueterra requests that the Court order Debtor Ryan Cole to submit to a Rule 2004 examination by Nueterra 10:00 a.m. on August 26, 2024, at the offices of Nueterra's undersigned Texas counsel, or at such other time and place as the parties may agree or that Court may order. Nueterra requests that the Court order that such examination be permitted on the topics outlined in the attached deposition notice (Exhibit F) accompanying this Motion, including: Mr. Cole's acts and conduct in his ownership and operation of Platinum Medical, Platinum Team Management, Inc., and other affiliated entities; the assets and funds held by Platinum Medical, including the location and any transfers, conveyances, or expenditures thereof; the corporate structure or organization of the various entities related to or affiliated with Platinum Medical or Mr. Cole; contracts or other agreements by or between such related or affiliated entities; the

---

[2] Nueterra also notes that Debtors scheduled Nueterra as an unsecured creditor with a claim of $9,600,000.00. *See* Debtors' Amended Official Form 106E/F at line 4.103 (describing the claim as for "Business Debt").

potential application of any exception to discharge under Bankruptcy Code Section 523 to Nueterra's claims; and the potential application of any provision of Bankruptcy Code Section 727(a) that would make Debtors ineligible for discharge.

9. Nueterra would also request that Mr. Cole be ordered to produce certain documents, as requested in the attached deposition notice (Exhibit F), including: all records of any transfer of any assets made by Platinum Medical from June 1, 2019, to the present; all records related to any real estate in which Platinum Medical held any interest from June 1, 2019, to the present; all records evidencing any conveyance or transfer of ownership of any entity affiliated with or related to Platinum Medical; all records evidencing any distributions from Platinum Medical to any owner, member, or shareholder; all records evidencing any interest held by Platinum Medical from June 1, 2019, to the present in any vehicle, boat, trailer, aircraft, or other equipment; all records evidencing Platinum Medical's right to any payment from any person or entity from June 1, 2019, to the present; copies of financial statements or other financial records from June 1, 2019, to the present; communications related to any of the foregoing records or transactions.

10. Nueterra's requests are within the broad scope of Rule 2004. *See In re Correra*, 589 B.R. at 108–09 ("The scope of a Rule 2004 examination is unfettered and broad and is commonly recognized as more in the nature of a fishing expedition.") (citing *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y. 1996)) (internal quotations omitted).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Creditor Nueterra Capital, LLC requests that this Court enter an order: (a) authorizing Nueterra to take the examination of Debtor Ryan Cole in this bankruptcy proceeding and to obtain records from Mr. Cole, as described herein, (b)

ordering Mr. Cole to appear for such examination and produce such documents at the time and place specified by Nueterra, and (c) granting Nueterra such other and further relief, at law or in equity, to which it may be justly entitled.

        Respectfully submitted,

        */s/ Russell A. Devenport*
        Russell A. Devenport
        State Bar No. 24007109
        rad@mcdonaldlaw.com
        H. Dustin Fillmore IV
        State Bar No. 24105858
        hdf@mcdonaldlaw.com

        **McDONALD SANDERS,**
        A Professional Corporation

        777 Main Street, Suite 2700
        Fort Worth, Texas 76102
        (817) 336-8651 Telephone
        (817) 334-0271 Facsimile

        **ATTORNEYS FOR CREDITOR**
        **NUETERRA CAPITAL, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule of Bankruptcy Procedure 2004-1(a)(2), I hereby certify that I conferred with counsel for the Debtor and the parties could not reach agreement.

        */s/ Russell A. Devenport*
        Russell A. Devenport

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's ECF electronic filing system on June 19, 2024.

        */s/ Russell A. Devenport*
        Russell A. Devenport