# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RYAN COLE, and | § | CASE NO. 24-40647-BTR-7 |
| SARAH COLE, | § | CHAPTER 7 |
|     Debtors | § | |
| | § | |
| TTCU FEDERAL CREDIT UNION, | § | |
|     Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| RYAN COLE, and | § | |
| SARAH COLE, Debtors | § | |
| and | § | |
| MICHELLE CHOW, Trustee, | § | |
|     Respondents | § | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY OF ACT AGAINST PROPERTY
### (Property: 2006 Gulfstream Tour Master Series, VIN #4UZAB2DC06CW05783)

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW **TTCU Federal Credit Union** ("Movant"), a secured creditor, to file this *Motion for Relief from Automatic Stay of Act Against Property* ("Motion") against Ryan Cole and Sarah Cole ("Debtors"), and in support thereof Movant would show the Court as follows:

## Jurisdiction

1.      On or about March 25, 2024, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Michelle Chow was appointed Chapter 7 Trustee.

2.      This Court has jurisdiction of this Motion by virtue of 11 U.S.C. §§105, 361, 362, and 28 U.S.C. §§1334 and 157 and all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

## Debt and Collateral Description

3.      Debtors are the owners of certain personal property described as a 2006 Gulfstream Tour Master Series, VIN #4UZAB2DC06CW05783 ("Vehicle").  Movant is the owner and holder of the Closed-End Note ("Vehicle Contract") dated September 27, 2018 through which Debtor Ryan Cole refinanced his original purchase of the Vehicle.  Movant has perfected its security interest and is the record lienholder on the Texas Certificate of Title. Copies of the Vehicle Contract executed by Ryan Cole to TTCU Federal Credit Union and the Certificate of Title are attached as Exhibit "A" to the *Affidavit in Support of Motion for Relief from Stay of Act Against Property* and are incorporated herein by such reference.

4.      As of June 28, 2024, Debtor Ryan Cole was in default under the Vehicle Contract on one contractual monthly payment of $677.68, for the month of June, 2024.  As of June 28, 2024, the approximate payoff amount owed by Debtor Ryan Cole to Movant on the Vehicle

Contract was $33,985.00. The approximate payoff amount includes the principal balance, accrued interest, and accrued late charges, but does not include attorneys' fees or related costs.

5.        According to the Schedules filed by the Debtors in this case, the value of the Vehicle is $36,000.00 and according to Movant's proof of clam the value is $34,028.00. Using either Debtors' value or Movant's value it cannot be reasonably anticipated that there will be any surplus proceeds from the liquidation of the vehicle.

**Lack of Adequate Protection**

6.        According to the Schedules filed by the Debtors in this case, the Vehicle was sold to a third party.

7.        The Debtors provided a "Bill of Sale" that is undated and which purports to sell the Vehicle to a Steven Frederick for $38,362.48. According to the Bill of Sale, "the payoff will be immediately provided to TTCU and the title will be sent to Steven Frederick" and he will be "responsible for transferring the title if needed and registering for a new license plate immediately upon taking possession of the vehicle."

8.        The Debtors testified during the First Meeting of Creditors that the payoff was not provided to TTCU since Steven Frederick was unable to secure financing to consummate the purchase.

9.        According to the insurance declarations page provided by the Debtors, the Vehicle is insured under their policy and is garaged at their residence. The Debtors testified during the First Meeting of Creditors that the Vehicle is actually at another location but that they will have it returned to their residence.

10.        The loan documents executed by Debtor Ryan Cole prohibit the borrower from selling or transferring any rights in the Vehicle without written permission from Movant.

11.     Movant did not, and does not now, consent to the sale or transfer of the Vehicle by the Debtors to Steven Frederick without payment of the loan in full.

12.     Movant asserts that the Debtors abandoned any interest in the Vehicle by representing in their Schedules that the Vehicle had been conveyed to a third party, by failing to include it within their inventory of assets, and failing to exempt any de minimis equity that could be claimed.

13.     By failing to make the regular monthly installment payments due pursuant to the Contract, the Debtors have not adequately protected Movant's interest in the Vehicle.  Cause therefore exists for termination of the automatic stay pursuant to 11 U.S.C. §362(d).

14.     Movant has no remedy available other than to seek relief from the automatic stay.

15.     Movant seeks relief for the purpose of exercising its remedies available under state law, up to and including repossession and foreclosure of its lien and liquidation of the Vehicle.  Alternatively, Movant seeks adequate protection of its interest in the Vehicle.

16.     Movant has retained counsel to represent it and is incurring legal expenses and attorneys' fees for which it is entitled to be reimbursed under the terms of the Contract.

17.     An Affidavit in support of this Motion is attached hereto and incorporated herein for all purposes.

18.     Movant requests that any order granting a motion for relief from automatic stay in accordance with Rule 4001(a)(3) not be stayed until the expiration of fourteen (14) days after the entry of the order.

**Prayer**

**WHEREFORE, PREMISES CONSIDERED**, Movant prays that, upon considering this Motion, the automatic stay will be terminated as to the Debtors with respect to Movant, thereby permitting Movant to pursue all available remedies to obtain possession and control of the Vehicle to the exclusion of the Debtors and to liquidate the vehicle in accordance with applicable law. Alternatively, Movant prays that it be afforded adequate protection by: (a) having all payments presently due in this proceeding to Movant brought current or such other resolution as may be acceptable to Movant; (b) reimbursing Movant for its reasonable attorneys' fees and expenses; and (c) granting Movant such other and further relief, at law and in equity, as is just.

Respectfully Submitted,

By:    /s/ David Aaron DeSoto
       June A. Mann / TBA No. 12928400
       David Aaron DeSoto / TBA No. 00790585
       ddesoto@mannlawtexas.com
       Mann Law Firm PLLC
       3104 Edloe Street, Suite 201
       Houston, Texas 77027
       (713) 893-8962 (Direct)
       (281) 500-6995 (Facsimile)
       ATTORNEYS FOR CREDITOR

## CERTIFICATE OF CONFERENCE AND CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, I emailed Robert DeMarco, Debtor's counsel about the matters set forth herein and on June 21, 2024, I called to speak with Mr. DeMarco and left a message with a staff member. I further certify that on June 27, 2024, I spoke with the Chapter 7 Trustee's counsel, Larry Levick, about the matters set forth herein and the Trustee does not have a position at this time.

I hereby certify that a true and correct copy of the foregoing *Motion for Relief from Automatic Stay of Act Against Property* has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail as stated herein on July 2, 2024.

 /s/ David Aaron DeSoto
David Aaron DeSoto

**DEBTORS' ATTORNEY**
**(via electronic notice)**
Robert DeMarco, III
Demarco-Mitchell, PLLC
12770 Coit Road, Suite 850
Dallas, TX 75251

Clayton L. Everett
Norred Law PLLC
515 E. Border Street
Arlington, TX 76010

**DEBTORS**
**(via first class mail)**
Ryan Cole
Sarah Cole
6624 Eastview
Sachse, TX 75048

**INTERESTED PARTY**
Steven Frederick
3005 High Plateau Drive
Garland, TX 75044

**TRUSTEE**
**(via electronic notice)**
Michelle Chow
16200 Addison Road, Suite 140
Addison, TX 75001

**COUNSEL FOR TRUSTEE**
**(via electronic notice)**
Larry A. Levick
Singer & Levick, P.C.
16200 Addison Rd.
Suite 140
Addison, TX 75001

**U. S. TRUSTEE**
**(via electronic notice)**
United States Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

**PARTIES REQUESTING NOTICE**
**(via electronic notice if so designated for receipt of such in CM/ECF)**

Credit Union of Texas
PO Box 7000
Allen, TX 75013

Mark Cronenwett
Lewis Brisbois Bisgaard & Smith LLP
2100 Ross Avenue
Suite 2000
Dallas, TX 75201

Sherrel K. Knighton
Linebarger, Goggan Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207

Allyson D. Gault
US Dol/Sol
525 S. Griffin Street
Ste. 501
Dallas, TX 75202

Ismail Amin
TALG, Ltd.
100 Crescent Court
Seventh Floor
Dallas, TX 75201

Ryan K. Lurich
Friedman & Feiger, LLP
Dominion Plaza West
17304 Preston Road
Suite 300
Dallas, TX 75252

Seymour Roberts, Jr.
Friedman & Feiger, LLP
Dominion Plaza West
17304 Preston Road
Suite 300
Dallas, TX 75252

Mercedes-Benz Financial Services
c/o Bk Servicing, LLC
PO Box 131265
Roseville, MN 55113

Russell Devenport
McDonald Sanders, P.C.
777 Main Street
Suite 2700
Fort Worth, TX 76102

Todd C Werts
Lear Werts LLP
103 Ripley Street
Columbia, MO 65201

Stephen Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006

Ryan K. Lurich
Friedman & Feiger, LLP
Dominion Plaza West
17304 Preston Road
Suite 300
Dallas, TX 75252

Jeffrey Fleming
Barrett Daffin Frappier Turner & Engel
15000 Surveyor Blvd.
Addison, TX 75001

Paul K. Kim
Barrett Daffin Frappier Turner & Engel
15000 Surveyor Blvd. Suite 100
Addison, TX 75001