UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | § | |
|---|---|---|
| In re: | § | Case No. 24-40647 |
| | § | Chapter 7 |
| RYAN COLE and SARAH COLE, | § | |
| | § | |
| Debtors. | § | |

**REPLY TO THE DEBTOR'S RESPONSE [D.E. 49] TO THE MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT [D.E. 39] OF WAZU CAPITAL PARTNERS AND MT MEDICAL PROPERTIES, INC,**

WaZu Capital Partners, Inc. ("WaZu") and MT Medical Properties, LLC ("MT Medical" and, together with WaZu, the "Movants"), creditors and parties in interest in the above-captioned bankruptcy case (the "Bankruptcy Case") under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1534, as amended (the "Bankruptcy Case")[1] of Ryan Cole ("Ryan") and Sarah Cole and Sarah Cole ("Sarah" and, together with Ryan, the "Debtors"), file this Reply to the Debtor's *Response* [D.E. 49] to the Movants' *Motion For Extension of Time to File Adversary Complaint to Determine the Dischargeability of Debt* [D.E. 39] (the "Extension Motion"). In support of this Reply, the Movants show this Court as follows:

### I. JURISDICTION AND VENUE

1. On March 25, 2024 (the "Petition Date"), the Debtors filed their *Voluntary Petition For Relief* under chapter 7 of the Bankruptcy Code, initiating the Bankruptcy Case. Michelle Chow (the "Trustee") is the duly appointed and acting Trustee in this Bankruptcy Case. This Court

---

[1] All of the section references contained in this Motion shall be to the Bankruptcy Code, unless otherwise indicated.

**REPLY TO THE DEBTOR'S RESPONSE [D.E. 49] TO THE MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT [D.E. 39] OF WAZU CAPITAL PARTNERS, INC. AND MT MEDICAL PROPERTIES, LLC -- PAGE 1**
1096238

has jurisdiction to hear this Bankruptcy Case under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief requested in this Motion is § 105(a) and Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. Factual Background

**A. The Movants' Representation in the State Court Action**

2. On December 1, 2023, the Movants initiated Cause No. DC-23-20003 (the "State Court Action") in the 193rd Judicial District Court of Dallas County, Texas (the "193rd") against Ryan, a plethora of corporate entities that he owned and controlled, and other members of those corporate entities (collectively, the "Defendants")[2] when the Movants filed their *Plaintiffs' Original Petition and Emergency Application For Temporary and Permanent Injunctive Relief* (the "State Court Petition"). A copy of the State Court Petition is attached as **Exhibit A**.

3. The causes of action the Movants alleged, and additional remedies that Movants asked for, in the State Court Petition are the following:

---

[2] Those corporate entities and individuals are the following: John Monteiro, Cory Countryman, Kerry Noble, Mike Atkins, Marsue Hefner, Melissa Upshaw. Brandon Deiters, Molly Miner, Platinum Medical Management, Inc., Golden Harbor Ventures, LP, 4X Ventures, LLC, Platinum Team Management, Inc., Platinum Healthcare Corp., Mainstreet Healthventures, LLC, Paramount Real Estate Holding VII, LLC, Paramount Real Estate Holdings VII, LLC, Kennett Healthcare Affiliates, LLC, Sarenity Herbal Apothecary LLC, Big World Food Services, LLC, Daydra Management, LLC, Billionaires Funding Group, LLC, Platinum Concepts LLC, Platinum Motorsports LLC, Big World Development, Inc., Platinum Team Management, Inc., Paramount Real Estate Holdings, LLC, Paramount Real Estate Holdings II, LLC, Paramount Real Estate Holdings III, LLC, Paramount Real Estate Holdings IV, LLC, Paramount Real Estate Holdings V, LLC, Paramount Real Estate Holdings VI, LLC, Paramount Real Estate Holdings VII, LLC, Serene District Townhomes, District Lifestyle Wylie LLC, The Residences at Ovation, LLC, Platinum Senior Living Wylie, LLC, Platinum Senior Living Princeton, LLC, Platinum Senior Life LLC, Platinum Health Systems LLC, Platinum Senior Life LLC, Milagro Mio, PLLC, Milagro MIO 2, PLLC, Samuel D. Evang, LLC, Neighbors Visiting Doctors, LLC, Rosemary & Root LLC, Saddle Starland Development, LLC, Mayberry Gardens, Inc., and Correctlife Missouri Holdings, LLC.

**REPLY TO THE DEBTOR'S RESPONSE [D.E. 49] TO THE MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT [D.E. 39] OF WAZU CAPITAL PARTNERS, INC. AND MT MEDICAL PROPERTIES, LLC -- PAGE 2**
1096238

| CAUSE OF ACTION NO. | CAUSE OF ACTION AND REMEDIES | PARAGRAPH NO(S). | PAGE NO(S). |
|---|---|---|---|
| 1 | Breach of Fiduciary Duty | 67-75 | 12-14 |
| 2 | Fraud | 76-80 | 14-15 |
| 3 | Negligent Misrepresentation | 81-82 | 15 |
| 4 | Breach of Contract | 83-87 | 15-16 |
| 5 | Tortious Interference With Existing Contract | 88-92 | 16-17 |
| 6 | Conspiracy | 93-96 | 17-18 |
| N/A | Constructive Trust | 97-100 | 18-19 |
| N/A | Accounting | 101-103 | 19 |
| N/A | Exemplary Damages | 104 | 19-20 |
| N/A | Legal Fees, Expenses and Costs of Court | 137 | 20 |
| N/A | Emergency Application For Temporary and Permanent Injunctive Relief Against Defendants Cole and Monteiro Under Texas Civil Practice and Remedies Code § 65.001 | 141-164 | 20-26 |

4. In the State Court Action, the Movants are represented by the law firm of Friedman & Feiger, LLP ("F&F").[3] That is the same law firm that represents the Movants in this Bankruptcy Case. When F&F began to represent the Movants, and when F&F filed the State Court Petition on behalf of the Movants, the attorney at F&F who was in charge of this representation was Kyle Coker ("Mr. Coker"). No other attorney at F&F participated in this representation. This can be seen from the fact that in the signature block for the law firm representing the Movants in the State Court Petition, there is only the name of Mr. Coker. No other attorney's name from the attorneys who work at F&F appears there.

5. Mr. Coker recently left F&F and went to another law firm. When that happened, Mr. Coker did not take the Movants with him as his clients. The Movants remained at F&F, and were given a new lawyer, Ryan Lurich ("Mr. Lurich") to represent their interests.

---

[3] See the signature block in the State Court Petition, **Exhibit A** herein, p. 27.

**REPLY TO THE DEBTOR'S RESPONSE [D.E. 49] TO THE MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT [D.E. 39] OF WAZU CAPITAL PARTNERS, INC. AND MT MEDICAL PROPERTIES, LLC -- PAGE 3**
1096238

B. **DATES AND DEADLINES IMPACTING THE DISCHARGEABILITY OF DEBT IN THE BANKRUPTCY CASE**

6. April 19, 2024 was the date first set for the creditors' meeting under § 341.

7. The 60-day deadline for creditors to either file a complaint objecting to the nondischargeability of debt or a motion for cause to extend the time period to file a complaint objecting to the nondischargeability of debt under Bankruptcy Rule 4007(c) was June 18, 2024. The Movants filed their Extension Motion on June 18, 2024, where they requested an extension of time for thirty (30) days (until July 18, 2024) to file an adversary complaint to determine the dischargeability of the indebtedness that the Debtor owes them. Therefore the Movants met the Bankruptcy Rule 4007(c) 60-day deadline.

### III. LEGAL ARGUMENT AND AUTHORITIES

A. **THE PURPOSES OF THE DISCHARGEABILITY OF DEBT TIME LIMITATIONS RULES**

8. In a chapter 7 bankruptcy case, Bankruptcy Rule 4004(a) dictates that any objections to discharge filed under § 727(a) must be filed no later than sixty (60) days after the first date set for the § 341 creditors' meeting. Rule 4007(c) similarly requires that a complaint to determine the dischargeability of debt under § 523(a) shall be filed within the same time period. Although these time limits are strictly applied, a court may grant a motion extending this time deadline if the motion is filed before the 60-day time deadline expires. The underlying purpose of this rule is to provide the debtor with a definite date after which no party may object to discharge. The objecting creditor must demonstrate "cause" for the requested time extension. The meaning

of cause is not defined in either Bankruptcy Rules 4004(a) or 4007(c) and is, therefore, up to the court's discretion.[4]

9. The United States Supreme Court has outlined three purposes for the discharge rules. *First*, they inform the pleader (the objecting creditor) of the time it has to file the nondischargeability complaint. *Second*, they instruct the court on the limits of its discretion to grant motions for complaint filing time enlargements. And, *third*, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and 4007(c) time limits. In addition, the Fifth Circuit has ruled that the Bankruptcy Rules 4004(a) and 4007(c) time deadlines should be strictly construed because these procedural rules reflect the overall goal of the bankruptcy process to provide individual debtors with a fresh start.[5]

**B. THE REQUISITE CAUSE EXISTS TO GRANT THE EXTENSION MOTION AND EXTEND THE TIME FOR THE MOVANTS TO FILE AN ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF THE INDEBTEDNESS OWED TO THE MOVANTS BY THE DEBTOR THIRTY DAYS**

10. The standard to measure whether cause exists to grant a motion to extend the deadline to file a complaint to the dischargeability of a debt under Bankruptcy Rule 4007(a) is not the excusable neglect standard. Bankruptcy Rule 9006(b)(3) allows such an extension of time to the extent and under the conditions in Bankruptcy Rule 4007(c).[6]

11. The cause requirement in Bankruptcy Rule 4007(c) is not interpreted to mean "just because I asked." Cause requires a showing of a good reason why the requested extension of time

---

[4] In re Alhuneidi, 632 B.R. 737, 740-741 (Bankr. E.D.Tex. 2021) ("Alhuneidi"). In re McCain, 652 B.R. 678, 680-681 (Bankr. E.D.Tex. 2023). Matter of Ward, 978 F.3d 298, 302-303 (5th Cir. 2020) ("Ward").
[5] Alhuneidi, 632 B.R. at 741. Kontrick v. Ryan, 540 U.S. 443,456 (2004). Ward, F.3d at 302. McCain, 652, B.R. at 681.
[6] See also In re Hill, 251 B.R. 816, 821 (Bankr. N.D.Miss. 2000).

**REPLY TO THE DEBTOR'S RESPONSE [D.E. 49] TO THE MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT [D.E. 39] OF WAZU CAPITAL PARTNERS, INC. AND MT MEDICAL PROPERTIES, LLC -- PAGE 5**
1096238

should be granted. This cause must be compelling and a creditor is required to show why it was not able to comply with the time deadline as originally set.[7]

12. One test used by courts to determine whether this cause is present contains the following factors:

- Whether the creditor has received sufficient notice of the deadline and information to file an objection;

- The complexity of the case;

- Whether the creditor has exercised due diligence;

- Whether the debtor has refused in bad faith to cooperate with the creditor; and

- The possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.[8]

A balancing and weighing of these factors leads to the logical conclusion that the Movants have absolutely met the cause requirement in order to extend the time to file a nondischargeability complaint against the Debtor thirty (30) days, or until July 18, 2024.

13. The Movants did not have sufficient notice of the deadline and the information to file a nondischargebililty complaint. The reason for this is that their attorney, their one and only attorney (Mr. Coker), at F&F left F&F and F&F had to designate a new attorney (Mr. Lurich) to represent the Movants. Mr. Lurich knew nothing about the Movants or their claims against the Debtor and the other Defendants in the State Court Action. Mr. Lurich had to start from the very beginning, start from scratch, to get up to speed (he is not even there yet) in order to zealously represent the Movants.

---

[7] In re Garner, 339 B.R. 610, 611 (Bankr. W.D.Tex. 2006).
[8] Monbo v. Blair, 621 B.R. 383, 389 (D.Md. 2020), affirmed, Fed.Appx. 241 (4th Cir. 2021), cert. denied, 142 S.Ct. 121 (2021). In re Bressler, 601 B.R. 318, 330 (Bankr. S.D.N.Y. 2019).

14. The State Court Action is an extremely complex piece of litigation. There 46 Defendants: 9 individuals and 37 corporate entities. Mr. Lurich had to research the Movants' claims and relationships with each one of the 47 Defendants. This meant he had to review a multitude of correspondence and contractual documentation. Not surprisingly, this has taken a considerable amount of time.

15. Mr. Lurich was up to the task, applied himself diligently and immersed himself in his representation of the Movants in a very short period of time. At the expense of taking time away from his other and existing clients, Mr. Lurich spent a substantial amount of time introducing himself and getting to know the Movants, and reading the voluminous correspondence and underlying contractual documentation.

16. The Debtor did not in bad faith refuse to cooperate with the Movants. And there is a distinct possibility that the State Court Action, a proceeding pending in another forum, will result in collateral estoppel on the relevant issues.

17. Mr. Lurich and his law firm, F&F, have done everything they can humanly do in order to not only represent the Movants in the State Court Action, but also here in this Bankruptcy Case. The sheer immensity of the number of Defendants and the Movants claims against those Defendants have conspired to make it virtually impossible for the Movants' new counsel to be in a position to know whether the Movants could and should file a nondischargeability complaint within the 60-day deadline established by Bankruptcy Rule 4007(c). That is why the Extension Motion was filed. It was filed to give the Movants' new counsel some additional time to be able to not only ethically advise the Movants on whether they have the sort of claims against the Debtor by which they could file a nondishargeability complaint and, if so, whether they should file a nondischargeability complaint.

### C. THIS COURT HAS THE AUTHORITY UNDER § 105(A) TO EXTEND THE 60-DAY NONDISCHARGEABILITY COMPLAINT DEADLINE AN ADDITIONAL 30 DAYS IN FAVOUR OF THE MOVANTS

18. Under § 105(a), bankruptcy courts have the authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. This is the source of the general equitable powers of the Bankruptcy Courts. These powers, however, are not unlimited. For example, this statutory provision cannot be used to contravene other specific statutory provisions.[9]

19. This Court can, however, rely on § 105(a) to extend the 60-day nondischargeability complaint deadline under Bankruptcy Rule 4007(c) an additional 30 days as the Extension Motion requests. To begin with, the Extension Motion was filed within the 60-day Bankruptcy Rule 4007(c) deadline. And the additional requested 30 days is necessary for the Movants current counsel to complete his due diligence so that he can ethically advise the Movants on not only whether they have the sort of claims against the Debtor by which they could file a nondishargeability complaint and, if so, whether they should file a nondischargeability complaint.

20. There has been no laches or sleeping on the job here. The Movants and Mr. Lurich are victims of circumstances that were beyond their control. They did not know, and they could not predict, that Mr. Coker was going to leave F&F and when he was going to leave F&F. All they could do was react to that news and address the Bankruptcy Rule 4007(c) 60-day deadline as best as they could with the utmost due diligence, which they have.

---

[9] Ward, 978 F.3d at 302-303.

21. Under these circumstances, it makes perfect sense, and this Court should grant the Extension Motion by entering an order that extends the 60-day nondischargeability complaint deadline an additional 30 days, until July 18, 2024.

## IV. P<span></span>RAYER

The Movants pray that this Court grant the Extension Motion by entering an Order that extends the Bankruptcy Rule 4007(c) deadline an additional 30 days and awards the Movants such other and further relief, special or general, at law or in equity, as this Court may deem just and proper.

Dated: July 5, 2024

Respectfully submitted,

 /s/ Seymour Roberts, Jr.
**Ryan K. Lurich**
State Bar No. 24013070
rlurich@fflawoffice.com
**Seymour Roberts, Jr.**
State Bar No. 17019150
sroberts@fflawoffice.com

**FRIEDMAN & FEIGER, L.L.P.**
Dominion Plaza West
17304 Preston Road, Suite 300
Dallas, Texas 75252
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**ATTORNEYS FOR WAZU CAPITAL PARTNERS, INC. and MT MEDICAL PROPERTIES, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of July 2024, a true and correct copy of the foregoing was served via this Court's ECF notification system.

 /s/ Seymour Roberts, Jr.
Seymour Roberts, Jr.