NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re:<br>Ryan Cole and Sarah Cole,<br>Debtors | Case No. 24-40647<br>Chapter 7 |

### DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

Ryan Cole and Sarah Cole ("Debtors") file this response to the *Trustee's Objection to Exemptions* ("Objection") [Dkt. 43] pursuant to 11 U.S.C. § 522 and Fed. R. Bankr. P. 4003, and would respectfully show the Court as follows:

**Summary**

1.    Michelle H. Chow, Chapter 7 Trustee ("Trustee"), objects to certain claims of exemption made by the Debtors, namely the Debtors' claims of exemption in (1) their primary residence located at 6624 Eastview Drive, Sachse, Texas, (2) their third vehicle, (3) the value in their household furniture that exceeds the amount of $20,000, and (4) the value in their jewelry to the extent that the amount exceeds $10,000. Because these exemptions are proper, and the values of the property fall within the statutory limits of Tex. Prop. Code §§ 42.001 and 42.002, the Trustee's objection should be denied.

**Background**

2.    The Debtors Ryan and Sarah Cole filed their Chapter 7 petition on March 25, 2024.

3.    The first date for the section 341 Meeting of Creditors was April 19, 2024.

4. On June 20, 2024, the Trustee filed her Objection to the Debtors' exemptions.

**Response to Objection to Claim of Exemption for Real Property**

5. The Trustee objects to the claim of exemption for the real property located at 6624 Eastview Drive, Sachse, Texas ("Homestead").

6. The Debtors originally claimed their Homestead exempt in error under 25 U.S.C. § 412a of $1,859,000. However, the Homestead property is fully exempt under Tex. Prop. Code. §§ 41.001 *et seq*.

7. On July 3, 2024, the Debtors amended their Schedule C to properly exempt their primary residence under Tex. Prop. Code. §§ 41.001 *et seq* [Dkt. 58, page 1].

8. The Trustee's objection to exemption concerning the Homestead should be denied.

**Response to Objection to Three Vehicles**

9. The Trustee objects to the claim of exemptions made for three vehicles under Tex. Prop. Code §§ 42.001(a)(1) and 42.009(a)(9), because the Trustee claims that the Debtors have not shown proof that another licensed driver resides with them.

10. Under Texas law, a family may exempt one motor vehicle for each member of a family who holds a driver's license. Tex. Prop. Code § 42.009(a)(9).

11. Debtors' son, Drake Cole, lives with the Debtors and is licensed to drive in Texas. A copy of Drake Cole's driver's license has been provided to the Trustee's attorney.

12. Because there are at least three licensed drivers in the family, the Debtors are entitled to exempt three motor vehicles. Therefore, the Trustee's objection should be denied.

**Response to Objection to Exemptions of Household Furniture and Jewelry**

13. The Trustee objects to the Debtors' claim of exemption for household furniture and jewelry to the extent that the amount of each exceeds the exemption claim of $20,000 and $10,000, respectively.

14. Under Texas law, the Debtors have an exemption in personal property up to the limit of $100,000, which may include a claim of jewelry in an amount not to exceed $25,000 Tex. Prop. Code § 42.001(a)(1).

15. On July 3, 2024, the Debtors amended Schedule C to claim an exemption in property worth approximately $74,290 [Dkt. 58]. The values listed in Schedule C are well within the family limit of $100,000 provided under Tex. Prop. Code § 42.001(a)(1).

16. The amended Schedule C lists a specific claim of $20,000 for "household furniture, beds, dresser, tables, chairs, etc." and specific claim of $12,500 for "jewelry."

17. Based on their opinion, the Debtors believe the values used in the exemption are accurate fair market values for the property listed.

18. Moreover, there appears to be at least $25,000 in the aggregate exemption limit that may be applied to the Debtors' personal property exemption claims, and approximately $12,500 in the aggregate limit that may be applied to the Debtors' jewelry exemption. *See* Tex. Prop. Code § 42.001(a)(1).

19. For these reasons, the Trustee's objection to household furniture and jewelry should be denied.

20. If the Court sustains any of the above objections, the Debtors ask the Court for the opportunity to amend their schedules under Bankruptcy Rule 1009.

WHEREFORE, premises considered, the Debtor prays the motion filed by Michelle H. Chow, Chapter 7 Trustee, in the above-styled and numbered bankruptcy case be, in all things, denied. Debtors pray for general relief.

Dated: July 11, 2024.

Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett, State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and correct copy of the above motion was served via electronic means to all those parties receiving electronic services in this bankruptcy proceeding, including the parties below:

Via ECF:
Larry A. Levick
Counsel for Chapter 7 Trustee
16200 Addison Road, Suite 140

*/s/ Clayton L. Everett*
Clayton L. Everett