IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

| In re: | |
|---|---|
| RYAN COLE AND SARAH COLE, | Case No.: 24-40647 |
| Debtors. | Chapter 7 |

## MOTION FOR LEAVE TO FILE CLASS PROOF OF CLAIM

COMES NOW, Jeanette Quinn, by and through her undersigned counsel for her motion for leave to file class proof of claim in the above captioned case.

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

1

## Introduction

This proposed class claim arises from the financial meltdown of the two hospitals in mid-Missouri in 2022 ("the Medical System"). **Ex. 1** Deposition of Amy O'Brien ("O'Brien dep.") 82:06–12) (describing the enterprise), 42:15–21, 104:09–13 (describing the cessation of operations). For a time in 2022, Debtor Ryan Cole was the owner of a family of entities that operated the Medical System. *Id.* at 31:20–24. Both prior to Mr. Cole's companies' acquisition of the Medical System, and then again during his tenure, hundreds of employees worked for weeks without pay, had insurance premiums diverted from their paychecks, and were denied any recompense for thousands of hours of accrued paid time off ("the Former Employees"). *Id.* at 98:20–100:20, 109:11–110:10, 111:07–25. Mr. Cole was involved in the management of the Medical System and even made in-person promises to the employees that they would be paid their owed wages. *Id.* at 46:10–47:20, 53:04–19. Under Missouri law, Mr. Cole was "acting directly in the interest of an employer in relation to an employee" and is personally liable for these unpaid wages and employment benefits. RSMo. § 290.500; *Vance v. Johnson*, 591 S.W.3d 2, 9 (Mo. App. 2019) (reversing trial court's grant of judgment in favor of company owner and affirmatively entering judgment in favor of the employees against the individual defendant).

And this was not a situation where some people were getting paid but others not. **Ex. 1** O'Brien dep. at 104:24–106:20 ("Everybody is treated the same"). As such, class-wide proceedings are the most efficient means to vindicate these claims. But these employees were not provided notice of Mr. Cole's bankruptcy case. Given these circumstances, Ms. Quinn moves under Rule 9014 to apply Rule 7023 and allow her leave to file a class proof of

claim. As shown below, Ms. Quinn can satisfy the Fifth Circuit's rubric for analyzing such a request and class treatment of the Former Employee's claims is warranted here.

## Jurisdiction

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A–B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

## Statement of Facts

1. The proposed class's claim is for unpaid wages and benefits.

A total of 443 Former Employees of the Medical System, including Jeanette Quinn, suffered unpaid wages, benefits, interest, and liquidated damages related to the Medical System's failure to pay any wages (or benefits) to its employees during certain workweeks. **Ex. 2** Email dated Dec. 8, 2022.

In the early spring of 2022, three payrolls were missed: April 1, April 15, and April 29. **Ex. 1** O'Brien dep. at 91:22–25 ("After the payroll of March 18th, everyone went unpaid. There were three payrolls in April that were missed"); *see also* **Ex. 3** 4.1.22 Payroll; **Ex. 4** 4.15.22 Payroll; **Ex. 5** 4.29.22 Payroll. Certain employees also went unpaid in May and June of 2022. **Ex. 6** 04.24.22 to 05.07.22 payroll hours for nonpaid staff | Callaway; **Ex. 7** 04.24.22 to 05.07.22 payroll hours for nonpaid staff | Corporate; **Ex. 8** 05.08.22 to 06.04.22 payroll hours nonpaid staff.)

Mr. Cole's companies purchased the Medical System in a stock purchase sale on April 20, 2022. **Ex. 13** Platinum Purchase Agreement. Mr. Ryan Cole meaningfully participated in the management of the Medical System. **Ex. 1** O'Brien dep. at 46:10–47:20, 53:04–19. Indeed, Mr. Cole signed the payroll checks for the Medical System employees. *Id.* at 55:11–13, 59:05–

60:01, 118:14–16 (Q: "But regardless of the entity they were always … signed by Ryan Cole." A: "Yes. As far as I know.").

Then, on August 19, 2022, the Medical System missed the first of its next three, and final, payrolls. (*See* **Ex. 1** O'Brien dep. 98:20–99:08; **Ex. 9** 08.14.22 to 08.27.22 payroll hours | Audrain; **Ex. 10** 08.14.22 to 08.27.22 payroll hours | Callaway; **Ex. 11** 08.28.22 to 9.10.22 payroll hours | Audrain; **Ex. 12** 08.28.22 to 9.10.22 payroll hours | Callaway). Upon missing its September 9, 2022 payroll, the Medical System ceased operations as a business. **Ex. 1** O'Brien dep. at 42:15–16, 60:15–20, 104:09–13).

Finally, paid time off was a benefit offered by the Medical System. (*Id.* at 109:11-13.) The Medical System's policy was that unused PTO was paid out to employees upon their separation from the Medical System. (*Id.* at 111:07–19.) None of the Former Employee were paid their PTO balances when they were let go. (*Id.* at 111:20–25)("We didn't pay anything".)

2. Ms. Quinn and her counsel have consistently worked to protect the rights of the putative class of unpaid employees.

In 2023, two of the Medical System entities filed for Chapter 11 protection in the U.S. Bankruptcy Court for the Western District of Missouri. *See In Re Noble Health Real Estate, LLC*, Case No. 23-20051 and *In Re Noble Health Real Estate II, LLC*, Case No. 23-20100. After Mr. Cole's companies ceased operating the Medical System in September, 2022, the entities comprising the Medical System were bought and sold multiple times. **Ex. 1** O'Brien dep. 16:15–18:05; **Ex. 14** Pasture Medical Purchase Agreement. As such, Mr. Cole was not directly a party to the Missouri bankruptcy proceedings, nor a principal in those debtor-entities.

Ms. Quinn and her counsel have actively represented the rights of the putative class of employees in the Missouri bankruptcy cases. **Ex. 15** Declaration of Todd C. Werts ("Werts

4

Dec.") at ¶¶ 1–2. This has included working with the U.S. Department of Labor who has also been investigating the employees' unpaid wages and benefits. *Id.* at ¶3. And in negotiating a partial settlement the employees' claims from the Missouri debtors and their current ownership group in March, 2024. *Id.* at ¶2.

Unbeknownst to Ms. Quinn or her counsel, Mr. Cole filed the instant bankruptcy case on March 25, 2024. *See* Dkt. 1. Notice of that filing was not served by the Bankruptcy Noticing Center until March 28, 2024. *See* Dkt. 9. As it happens, Ms. Quinn filed her petition in Missouri state court naming a number of defendants, including Mr. Cole, on March 28, 2024. *See* **Ex. 16** Missouri Petition. As a result of receiving notice of Mr. Cole's bankruptcy, Ms. Quinn and her counsel took no steps to effect service of process on Mr. Cole or his related companies. *See* **Ex. 15** Werts Decl. at ¶6.

Nevertheless, litigation in the Missouri state court case has continued against the other defendants unrelated to Mr. Cole. *Id.* at ¶7. Those defendants initially sought to remove the Former Employees' claims to the United States District Court for the Western District of Missouri. However, that court granted the plaintiff's motion to remand on August 16, 2024. *See* **Ex. 17** Order, *Quinn v. NC Holdings, LLC et al,* Case No. 2:24-cv-04105-SRB (W.D. Mo. Aug. 16, 2024). Since then, the Circuit Court of Callaway County, Missouri has recently denied those defendants' motion to dismiss and that litigation is just beginning in earnest. *See* **Ex. 15** Werts Decl. at ¶7.

In addition, Ms. Quinn, through her counsel, participated in the Chapter 11 Bankruptcy of Mr. Cole's company, Serene District Townhomes, LLC, previously pending in this district. *See In re Serene District Townhomes,* Case No. 24-40749 (Dkts. 18,–19, 21, 23, 43–44).

5

## This Cout Has Procedural Authority
## To Grant Class Certification to the Class Proof of Claim

Under Fed. R. Bankr. Proc. 9014, this Court has authority to apply any rule in Part VII of the Federal Rules of Bankruptcy Procedure to any stage of the proceedings. Under this authority, the Court has discretion to apply Rule 7023, and thus Fed. R. Civ. Proc. 23, to proofs of claim. *See, e.g., In re TWL Corp.*, 712 F.3d 886, 892–93 (5th Cir. 2022) (describing the procedural process for class proofs of claim); *In re Dynergy, Inc.*, 770 F.3d 1064, 1068–69 (2d Cir. 2014) (describing interplay between Fed. R. Bankr. Proc. 9014, 7023, and Rule 23); *In re Birting Fisheries, Inc.*, 92 F.3d 939, 939 (9th Cir. 1996) ("we conclude that the bankruptcy code should be construed to allow class claims"); *see also In re Think Finance, LLC*, 2018 WL 9801454, *3 (N.D. Tex. Aug. 30, 2018) (applying *TWL* to grant creditor motion to apply Rule 7023 and allow class proof of claim). If the Court grants the instant motion and allows for the application of Rule 7023 to a class proof of claim, Ms. Quinn would then come forward with evidence to demonstrate that class certification was appropriate under Fed. R. Civ. Proc. 23.

As applied in *In re Think Finance, LLC,* the Fifth Circuit enumerated a non-exhaustive list of factors in *TWL* that a court should consider when determining whether to allow a class proof of claim. *See In re TWL Corp.*, 712 F.3d at 893. "These include: (1) whether the class was certified pre-petition, (2) whether the members of the putative class received notice of the bar date, and (3) whether class certification will adversely affect the administration of the case, especially if the proposed litigation would cause undue delay." *Id.* Some courts also consider "(i) prejudice to the debtor or its other creditors, (ii) prejudice to putative class members, (iii) efficient estate administration, (iv) the putative class representatives' conduct

in the bankruptcy case, and (v) the status of proceedings in other courts." *In re Think Finance*, 2018 WL 9801454 at *3. As shown below, these various factors support class treatment here.

*Whether the class
was certified pre-petition*

Here, Ms. Quinn filed her class action petition against Mr. Cole in state court on March 28, 2024. **Ex. 15** Werts Dec. at ¶1. The question of class certification could not be reached because notice of Mr. Cole's bankruptcy was issued that same day, staying Ms. Quinn and the class's claims against him and his companies ever since.[1] *Id.* at ¶8. As recognized by the *In re Think Finance* court, this factor loses its relevance when, as here, the bankruptcy petition is filed before the class has had time to certify the class. *See In re Think Finance*, 2018 WL 9801454 at *4. Here, the class was not even able to finalize service of process before the automatic stay shut down the Missouri state court case against Mr. Cole. As such, this factor should not weigh against allowing a class proof of claim. This is particularly true where here where, on the substantive question, class certification is highly likely given the facts and legal theories at bar. *See, e.g., Hootselle v. Missouri Dept. of Corrections*, 624 S.W.3d 123, 134 (Mo. banc 2021) (affirming trial court's class certification decision in wage and hour case); *Bayne v. NAPW, Inc.*, 2021 WL 4822426, *2 (E.D.N.Y. Aug. 10, 2021) ("Wage and hour cases are particularly well-suited for class certification.").

---

[1] Mr. Cole's bankruptcy filing, though, did not automatically stay the claims against the other defendants in that Missouri state court action. *See GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors.").

*Whether members of the putative class*
*received notice of the bar date*

The Debtors' schedules do not list the Former Employees individually as creditors. *See* Amended Schedules E/F (Dkt. 16). Rather, the total value of the Former Employees' class claim is listed under Jeanette Quinn's name. *Id.* Similarly, the Certificate of Service for the Order Setting Proof of Claim Deadline lists none of the Former Employees other than Ms. Quinn. *See* BNC Certificate of Mailing (Dkt. 107). As such, there is no evidence that any of the members of the class Ms. Quinn seeks to represent have been afforded notice of their rights to assert claim here. While the debtor's notice here may be sufficient under the Bankruptcy Code and due process, that does not mean that there is no place for a class claim in this case. Indeed, just as the allowance of the class claim facilitated greater creditor participation in *In re Think Finance,* so too would a class claim allow hundreds more creditors to participate through the class claim here. *See In Re Think Finance*, 2018 WL 9801454 at *5. This factor weighs in favor of class treatment.

*Whether class certification*
*will adversely affect the administration of the case*

The third factor looks to whether the proposed class would cause undue delay in the bankruptcy proceedings. *See In re TWL Corp.*, 712 F.3d at 893. Here, the bar date is not until May 28, 2025. The instant motion is filed with sufficient time for its 21-Day Negative Notice Period to run well before the proposed class proof of claim would need to be filed. And as shown by the attached exhibits, the value of the putative class's claims can be objectively calculated, both in the aggregate and individually, using common evidence. As such, allowing the Former Employees' proof of claim to proceed as a class should not engender any more delay than any other potentially contested claim. And as demonstrated by the debtor's own

schedules, class treatment for the Former Employees' claims has always been contemplated. Given these facts, granting the instant motion should not adversely affect the administration of the case.

*Prejudice to the debtor, its other creditors, or the putative class members*

Subject to limited exceptions, "a debtor generally cannot object to claims." *Matter of Okorie*, 2024 WL 4471734, *1 (5th Cir. 2024) (unpublished). This is because they typically do not have any financial stake in the distribution of the estate. Here, there is no indication that the Debtors will have any stake in the estate's distribution. So, allowing a class claim should pose no prejudice to the debtors.

As to the other creditors, any claim creates at least some prejudice as there are almost always limited funds to pay claims. But that does not justify creating a barrier to certain claims in favor of others. As discussed above, the vast majority of the putative class members have not received notice of this case or the bar date for filing proofs claims. Allowing a class proof of claim will greatly mitigate the prejudice of these hundreds of creditors with little, if any, undue prejudice to the other unsecured creditors. Sections 507 and 726 of the Bankruptcy Code provides the controlling distribution for such claims.

*Putative class representatives' conduct in the bankruptcy case*

Here, the putative class representative timely entered her appearance through counsel. *See* Dkt. 15. And she presents the instant motion well before the bar date. This case is unlike those cases where a putative class representative purports to file a class claim without regard to the Federal Rules of Bankruptcy Procedure and the interplay between Rules 9014 and 7023. *See, e.g., In re CJ Holding Co.*, 27 F.4th 1105, 1119 (5th Cir. 2022) (noting that the failure to timely move under Rule 9014 to apply Rule 7023 "certainly does not do

9

the Claimants any favors" in seeking excuse from the bar date). Rather, Ms. Quinn and her counsel have worked to vindicate the putative class's claims in this Court, in the Missouri bankruptcy court, and in Missouri state court. This factor should also counsel in favor of allowing the class claim.

*Status of proceedings in other courts*

Ms. Quinn and the class's claims began at essentially the same time as this bankruptcy case. As such, there are no prior proceedings directly implicating Mr. Cole. *See* Werts Decl. ¶¶ 5, 8.

In the Bankruptcy Court for the Western District of Missouri, Ms. Quinn has rigorously pursued claims against the successors in interest to the Medical System but only with minimal success to-date. *See* Werts Decl. at ¶2–3. A settlement was reached with those debtors that has only been partially consummated. *Id.* at ¶2.

Finally, Ms. Quinn is litigating in Missouri state court with other defendants whom she alleges are also liable for the unpaid wages and benefits accrued up to the point in time when Mr. Cole's companies acquired the Medical System. *Id.* at ¶¶ 4–8. Should any money be collected from those defendants, then Ms. Quinn and her counsel would supplement her proof of claim to provide a full accounting of all monies received by the class for these claims. *Id.* at ¶9.

Given the status of the parallel litigations, and the readily available tools for harmonizing the class's potential recoveries from the various jointly and severally liable defendants, this factor does not weigh against allowing class treatment of the Former Employee's proof of claim.

## CONCLUSION

In sum, the Court should exercise the discretion it is afforded under Rule 9014 to apply Rule 7023, and thus Fed. R. Civ. Proc. 23 to these proceedings. The vast majority of the relevant factors counsel in favor of granting the requested relief. And the final factor is, at worst, neutral. In short, the vast weight of the evidence supports the allowance of a class proof of claim here.

WHEREFORE Plaintiff prays that the Court enter its order granting her leave to file a proof of claim on behalf of the putative class of Former Employees (which will include a Motion to Certify the Class), and for such other and further relief as the Court deems just and proper in the premises.

Dated: April 10, 2025                        Respectfully submitted,

                                             LEAR WERTS LLP

                                             /s/ Todd C. Werts
                                             Todd C. Werts, MO Bar # 53288, *pro hac vice*
                                             103 Ripley Street
                                             Columbia, Missouri 65201
                                             Tel:    573-875-1991
                                             Email:  werts@learwerts.com

                                             ATTORNEYS FOR JEANETTE QUINN, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED EMPLOYEES

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system on this 10th day of April, 2025. That system will serve copies on all those registered to receive notice through that system.

/s/ Todd C. Werts