IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 24-40647 |
| RYAN COLE and SARAH COLE, | § | |
| | § | (Chapter 7) |
| DEBTORS. | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS PLEADING UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

**IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**COMES NOW**, Michelle H. Chow, Chapter 7 Trustee for the bankruptcy Estate of Ryan Cole and Sarah Cole, by and through her counsel, Singer & Levick, P.C., and files this, her *Motion to Compromise Controversy* ("**Motion**") and, in support of same, would respectfully show the Court as follows:

I.

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper before this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested herein is authorized under 11 U.S.C. §§105 and 541, as well as Bankruptcy Rule 9019(a).

II.

**FACTUAL AND PROCEDURAL BACKGROUND**

2.      On March 25, 2024 ("**Petition Date**"), Ryan Cole aka Ryan Carl Henry Cole and Sarah Cole ("**Debtors**") filed a Voluntary Petition under Chapter 7 of Title 11 of the UNITED STATES BANKRUPTCY CODE ("**Bankruptcy Code**") commencing the above-captioned case ("**Bankruptcy Case**").

3.      Michelle H. Chow is the duly appointed Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate of Ryan Cole aka Ryan Carl Henry Cole and Sarah Cole ("**Estate**").

4.      Ryan Cole and/or his wife own interests in numerous privately held companies that, in turn, have interests in other companies with potential claims going back and forth between these entities and the Debtors.  Currently, Chicago Title Company is holding $**125,490.43** in funds ("**Funds**") in the name of a Cole affiliated entity called Cotton Weave Estates, LLC ("**Cotton Weave**").  The Trustee and Chicago Title have reached an agreement whereby Chicago Title will turn over the Funds to the Trustee.  The Trustee, upon receipt of the Funds, will release any claims she may have against Cotton Weave and Chicago Title Company.  By turning these Funds over to the Trustee, Chicago Title Company will be released from any potential claims to any third parties

through the Court Order approving this Motion. The Trustee is giving notice of this Motion to all creditors in the Bankruptcy Case, as well as all known creditors of Cotton Weave.

## III.
## RELIEF REQUESTED

5. Pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a), the Trustee requests that the Court approve the foregoing settlement.

6. Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

7. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

    a. the probability of success on the merits and the resolution of the dispute;

    b. the complexity of the litigation being settled;

    c. the expense, inconvenience and delay associated with litigating the dispute; and

    d. the paramount interests of creditors.

*Foster Mortgage Corp. v. Connecticut General Life Ins. Co. (In re Foster Mortgage Corp.)*, 68 F.3d 914 (5th Cir. 1996); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1158-59 (5th Cir. 1988), *cert. denied*, 105 S. Ct. 31 (1989); *U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 752 F.2d 293, 298 (5th Cir. 1984), *cert. denied*, 469 U.S. 880 (1984).

8. While it is necessary for the proponent of a compromise to set forth the factual and legal basis for the compromise so the court can make an intelligent and informed evaluation of the proposed settlement, it is not incumbent upon the proponent to present a mini-trial or a full evidentiary hearing. *Texas Extrusion*, 844 F.2d at 1158-59; *Aweco*, 725 F.2d at 298.

9. The issues are uncertain and the Estate does not have any assets. In order to avoid the expense and uncertainty of further litigation, the Trustee prays that the Settlement be approved as being in the best interest of the Bankruptcy Estate and the creditors.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that the Court approve the requested compromise and for such other and further relief as she may show herself to be justly entitled.

**DATED:  November 10, 2025**

                    Respectfully submitted,

                    **SINGER & LEVICK, P.C.**

                    By:  /s/ *Larry A. Levick*
                          Larry A. Levick
                          State Bar No. 12252600

                    16200 Addison Road, Suite 140
                    Addison, Texas  75001
                    Phone:  972.380.5533
                    Fax:  972.380.5748
                    Email:  levick@singerlevick.com

                    **GENERAL COUNSEL FOR**
                    **MICHELLE H. CHOW, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below, counsel for Chicago Title and Cotton Weave via electronic mail, and to the parties shown on the attached Service List for Debtors, as well as the attached Service List for Cotton Weave Estates, LLC, via first class mail, postage prepaid, on this 10th day of November, 2025.

| | |
|---|---|
| **DEBTORS:**<br>Ryan and Sarah Cole<br>6624 Eastview<br>Sachse, TX<br>**VIA ECF Noticing through their attorney** | **ATTORNEY FOR DEBTORS:**<br>Robert T. DeMarco<br>DeMarco•Mitchell, PLLC<br>12770 Coit Road, Suite 850<br>Dallas, TX 75251<br>**VIA ECF Noticing** |
| **ATTORNEYS FOR CHICAGO TITLE:**<br>Jacob DuBose<br>Michael Winkeler<br>Fidelity National Law Group<br>6900 N. Dallas Parkway, Suite 610<br>Plano, TX 95024<br>**VIA Email: jacob.dubose@fnf.com**<br>**VIA Email: michael.winkeler@fnf.com** | **ATTORNEYS FOR COTTON WEAVE:**<br>Mark A. Castillo<br>Robert C. Rowe<br>Carrington Coleman Sloman & Blumenthal LLP<br>901 Main Street, Suite 5500<br>Dallas, TX 75202<br>**VIA Email: markcastillo@ccsb.com**<br>**VIA Email: rrowe@ccsb.com** |
| **TRUSTEE:**<br>Michelle H. Chow<br>16200 Addison Road, Suite 140<br>Addison, TX 75001<br>**VIA ECF Noticing** | **US TRUSTEE:**<br>Office of the US Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br>**VIA ECF Noticing** |

    /s/ *Larry A. Levick*
    Larry A. Levick