IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

In re:

RYAN COLE AND SARAH COLE,                    Case No.: 24-40647
                                             Chapter 7
Debtors.

REFILED AND RENOTICED MOTION OF CERTIFIED CLASS REPRESENTATIVE
JEANETTE QUINN TO APPROVE CLASS NOTICE AND NOTICE PLAN

COMES NOW, Jeanette Quinn, by and through her undersigned counsel for her

motion to approve class notice and notice plan, and states to the Court as follows:

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should**

**read this pleading carefully and discuss it with your attorney, if you have one in this**

**bankruptcy case. If you oppose the relief sought by this pleading, you must file a**

**written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a**

**written objection is filed with the Clerk of the United States Bankruptcy Court and**

**served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE**

**DATE OF SERVICE shown in the certificate of service unless the Court shortens or**

**extends the time for filing such objection. If no objection is timely served and filed,**

**this pleading shall be deemed to be unopposed, and the Court may enter an order**

**granting the relief sought. If an objection is filed and served in a timely manner, the**

**Court will thereafter set a hearing with appropriate notice. If you fail to appear at the**

**hearing, your objection may be stricken. The Court reserves the right to set a hearing**

**on any matter.**

1

### Notice Regarding Exhibits

**The mail service copies do not include the two exhibits or the proposed order filed herewith through the CM/ECF system. A complete copy of the filing will be sent upon request at no charge.**

### Jurisdiction

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A–B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

### Background

On May 23, 2025, the Court granted Jeanette Quinn leave to file a class proof of claim pursuant to Fed. R. Bank. Proc. Rule 7023 which the Court applied pursuant to its discretionary authority under Rule 9014. *See* Dkt. 114.

On August 22, 2025, the Court granted Jeanette Quinn's Renewed and Renoticed Motion to Certify Class Proof of Claim certifying the class as defined therein under Rule 23 of the Federal Rules of Civil Procedure made applicable to this case by the Court's prior order. *See* Dkt. 125. Under that Order, Class Counsel was ordered to propose a plan for disseminating notice to the class for the Court's consideration and approval.

### Proposed Notice

The Federal Rules of Civil Procedure, as applicable to this case, requires that in any class action maintained under Rule 23(b)(3) that the class be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See* Rule 23(c)(2). Here, Class Counsel has the names and addresses of the class members through payroll records produced in prior, related litigation. So individual notice is readily provided.

The Federal Judicial Center has published several resources for courts and litigants related to class action notices. *See* Illustrative Forms of Class-Action Notices, https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction (last accessed Dec. 4, 2025); *see also DeHoyos v. Allstate Corp*, 240 F.R.D. 269, 303 (W.D. Tex. 2007) (overruling objections to the sufficiency of the court-approved notice based on its consistency with the FJC's illustrative notices). The notice proposed here is consistent with the FJC approach, using plain language and an easy to follow-question and answer format. Critically, the notice includes all the required elements without being unnecessarily repetitive.

Rule 23(c)(2)(B) provides a non-exclusive list of topics that must be addressed in the class notice. Attached hereto as Exhibit 1 is a proposed notice drafted. As shown in the following table, the proposed notice covers each of these requirements.

| Topic Required by Rule 23(c)(2)(B)(i–vii) | Location in Notice |
|---|---|
| (i) the nature of the action | Introduction and ¶4 |
| (ii) the definition of the class certified | ¶5 |
| (iii) the class claims, issues, or defenses | ¶¶ 3–5 |
| (iv) that a class member may enter an appearance through an attorney if the member so desires | ¶9 |
| (v) that the court will exclude from the class any member who requests exclusion | Introduction and ¶¶ 7–8 |
| (vi) the time and manner for requesting exclusion | ¶8 |
| (vii) the binding effect of a class judgment on members under Rule 23(c)(3) | Introduction and ¶6 |

Class action notices providing this information in clear, concise, easily understood language are routinely approved by District Judges in this district. *See, e.g., Cone v. Vortens, Inc.*, 2019 WL 1970545, *4 (E.D. Tex. May 3, 2019) (approving class action notice and notice plan).

In addition, the Court's order granting class certification, the court enumerated several additional factors to be included in the proposed notice. The following table explains where those elements are located in the proposed notice:

| Court Ordered Topic | Location in Notice |
|---|---|
| a. Class members' right to exclude themselves from the certified class; | Introduction and ¶¶ 7–8 |
| b. Explanation that, while class members may exclude themselves from the certified class, they may not exclude themselves or otherwise opt-out of this Bankruptcy case, which has jurisdiction over the Debtors' bankruptcy estate and claims against the Debtors; | ¶7 |
| c. The Class Representative's fee arrangement with Class Counsel; | ¶9 |
| d. Notice that class members may retain their own counsel at their own cost; | ¶9 |
| e. Notice to class members that the bar date to file non-governmental proofs of claim was on May 28, 2025, which may impact their ability to file their own proof of claim upon excluding themselves from the certified class; | ¶7 |
| f. Notice that any fee to be awarded to Class Counsel is subject to Court approval; | ¶9 |
| g. Notice that class members who do not exclude themselves from the certified class will be bound by any orders and judgments issued by this Court related to this claim, including any orders related to Class Counsel compensation; | Introduction and ¶6 |
| h. Explanation that Class Counsel's first duty is to the certified class as a whole before any individual class member, including the Class Representative; | ¶9 |

| Court Ordered Topic | Location in Notice |
|---|---|
| i. Explanation that any information obtained by Class Counsel may be shared with other Class Members, all of whom are represented by Class Counsel; | ¶9 |
| j. Explanation that no money is currently available for distribution to the class; | Introduction and ¶10 |
| k. Explanation that, in the event funds are ultimately recovered for the benefit of the class, the Court will approve any distribution through a two-step process, and should the Court preliminarily approve distribution, including any recovery by Class Counsel for fees or expenses, class members will receive notice of said preliminary approval and be given an opportunity to object or otherwise be heard on the proposed distribution before final approval of that distribution. | ¶¶9–10 |

In short, the proposed notice provides class members with the information they need to be informed about the case, their options, and provides them with an easy avenue to contact Class Counsel to obtain additional information if desired. The Court should approve the proposed notice.

Also attached as Exhibit 2 is a proposed envelope design for mailing the notice. This notice is based on the envelope design proposed by the FJC. *See* Securities Class Action Certification and Settlement: Language for Envelope, https://www.fjc.gov/sites/default/files/2015/ClaAct03.pdf (last accessed Dec. 4, 2025).

5

## Proposed Notice Plan

Class Counsel proposes the following notice plan:

1. No later than 30 days after the Court approves the notice and notice plan, Class Counsel will mail each class member the approved notice via first-class, U.S. Mail, postage prepaid.

2. Class members shall have 60 days from the initial mailing to return any requests for exclusion.

3. Upon mailing, Class Counsel will file a certificate of service indicating that the mailing is complete.

4. Prior to mailing, Class Counsel will update its mailing list through the U.S. Postal Service's National Change of Address system.

5. If any notice is returned as undeliverable, Class Counsel will update the class members' address using Westlaw's PeopleMap database and promptly resend the notice.

6. No later than 75 days after the initial mailing, Class Counsel shall file a report on the notice plan including the numbers of (1) notice packets mailed, (2) returns, (3) re-mails, (4) ultimately undeliverable packets, and (5) the identities of any class members requesting exclusion from the class.

This notice program is consistent with class action notice plans previously approved in this district. *See, e.g., Haley v. Entire Oilfield Servs. & Supply, LLC*, 2015 WL 12747814, *3 (E.D. Tex. May 6, 2015) (approving similar notice by mail program).

As Class Counsel has access to relatively recent addresses for all class members who are, in the main, located within one of two small communities near Class Counsel's office, individualized notice by first class mail is sufficient. Indeed, it is preferred in circumstances like this where there is a relatively small number of parties in the class and the addresses of most class members are known. *See Reyes v. Julia Place Condominiums Homeowners Assoc., Inc.*, 2016 WL 3365319, *5 (E.D. La. June 17, 2016) *quoting Manual for Complex Litigation (Fourth)* § 21.311 (2004) ("When the names and addresses of most class members are known, notice by mail is usually preferred.") (footnote omitted).

WHEREFORE Class Counsel prays the Court approve the attached Notice and Notice Plan, direct Class Counsel to carry out that plan, and for such other and further relief as the Court deems just in the premises.

Dated:  December 5, 2025

Respectfully submitted,

LEAR WERTS LLP

/s/ Todd C. Werts
Todd C. Werts                MO Bar # 53288
103 Ripley Street
Columbia, Missouri 65201
Tel:    573-875-1991
Email:  werts@learwerts.com

CLASS COUNSEL

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system on this 5th day of December, 2025. That system will serve copies on requesting notice through the Court's CM/ECF System.

Notice will also be mailed to all those on the Court's mailing matrix as downloaded on December 4, 2025. A separate certificate of service for said mailing will be filed regarding that mailing.

/s/ Todd C. Werts